# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nana El

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Philadelphia Lawyers Group, LLC; Alan R. Zibelman, Esq.
1500 JFK Blvd., Suite 1030; (215)569-0600

## DEFENDANTS

United States of America Department of the Navy and
Navy Supply Systems Command a/k/a NAVSUP and

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FTCA, 28 U.S.C.§1346(b), 2401(b) and 2671-2680

Brief description of cause:
Premises Liability; Trip and Fall

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$150,000

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 7/31/24

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff Nana El; 1531 Widener Place, Philadelphia, PA 19141

Address of Defendant: Navy Exchange; 700 Robins Avenue, Building G. Philadelphia, PA.  Place of Accident, Incident or

Transaction: 700 Robins Avenue, Philadelphia, PA

---

**RELATED CASE IF ANY:**

Case Number:_____    Judge:_____    Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is **not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 1/31/24    _____    44993
_____
Attorney-at-Law *(Must sign above)*    Attorney I.D. # (if applicable)

---

Civil (Place a √ in one category only)

*A.  Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____
  _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
Attorney-at-Law *(Sign here if applicable)*    Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

NANA EL
    Plaintiff

VS

UNITED STATES *OF* AMERICA
DEPARTMENT OF THE NAVY
    and
NAVY SUPPLY SYSTEMS COMMAND
  a/k/a NAVSUP
    and
NAVY EXCHANGE SERVICE COMMAND
 d/b/a NAVY EXCHANGE
    Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff Nana EL ("Plaintiff"), by counsel, as and for her Complaint against the defendants, the United States of America ("United States"), states as follows:

## NATURE OF ACTION

1.     This action seeks monetary damages in connection with the severe personal injuries sustained by Plaintiff on March 26, 2022 when she was a lawful business invitee on the premises of Naval Supply Systems Command (NAVSUP), which is a military supply and logistics facility located at 700 Robbins Avenue in the City and County of Philadelphia, Commonwealth of Pennsylvania.

## PARTIES

2.     Plaintiff Nana El is a resident of the Commonwealth of Pennsylvania with an address of 1531 Widener Place, Philadelphia, Pa within the Jurisdiction of this Court.

3.      Pursuant to the Federal Tort Claims Act 28 U.S.C. §§ l346(b) 2401 (b), and 2671-2680 ("FTCA"), the United States is the proper party defendant in this action because Plaintiff is seeking damages for personal injuries that occurred as a result of the wrongful, negligent, careless, and reckless acts and/or omissions of the United States Navy and/or the Navy Exchange Service Command, by and through its agents, officers, and/or employees, while acting within the scope of their employment.

4.      Upon information and belief, the United States Navy is an agency under the direction and authority of the United States Department of Defense.

5.  Defendant Naval Supply Systems Command ("NAVSUP") serves as the supply command for the United States Navy responsible for supply chain management, material support, supply operations, contracting, security assistance and quality of life matters for naval forces encompassing food and postal services, Navy Exchanges and the movement of household goods.  At all times material, defendant NAVSUP was responsible for the real property located at 700 Robbins Avenue in the City and County of Philadelphia    where the accident involving the plaintiff occurred.

6      Defendant Navy Exchange COMMAND, hereinafter ("NEXCOM")  is upon information and belief and federal agency of the United States which operates, manages and are otherwise responsible for the care, custody, supervision control and maintenance  of  with more than 300 retail stores on Navy bases and installations, overseas Navy bases and aboard Navy ships known as Navy Exchange ("NEX") which according to its website supervises and at least 14,000 employees generates in excess of Three Billion Dollars in annual revenue.   NEXCOM's worldwide headquarters is located at 3280 Virginia Beach Blvd., Virginia Beach, VA 23452

## ADMINISTRATIVE CLAIM

7.      Pursuant to 28 U.S.C. § 2401(b), Plaintiff duly and timely filed an Administrative Claim using Standard Form 95 with the United States Navy, the appropriate Federal agency to which Plaintiffs Claim was submitted (hereinafter referred to as "Plaintiffs Claim"). A true and correct copy of Plaintiffs Claim is attached hereto as **Exhibit "A."**

8   Plaintiffs Claim was duly served upon the United States Navy at the following address: Department of Navy, Office of the Judge Advocate General, Tort Claims Unit Norfolk, 9620 Maryland Avenue, Suite 100, Norfolk, Virginia 23511.

9.      Plaintiffs Claim was received by the Department of the Navy on October 14, 2022.

10.    By letter dated October 14, 2022  the United States Navy, by and through its Tort Claim Assistant, acknowledged receipt of Plaintiffs Claim. A true and correct copy of the United States Navy's October 14, 2022 acknowledgment letter is attached hereto as **Exhibit "B."**

11.      Counsel for Plaintiff and Maria Grise, Tort Claim counsel fo the Department of the Navy Office of Advocate General exchanged  numerous communications and correspondence was received from October 27, 2022 to  May 9, 2023.  Plaintiff and the witness who accompanied her provided statements to investigating officers and provided photos, submitted to written examination and provided medical records.

12.    On February 22, 2024 the United States Navy provided notice that Plaintiffs Claim was denied. A true and correct copy of the United States Navy's denial letter is attached hereto as **Exhibit "C."**

## <u>JURISDICTION AND VENUE</u>

13    This Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1346(b).

14    Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), because the Plaintiff resides in the District, and the events or omissions giving rise to this claim occurred in this District

## <u>FACTUAL ALLEGATIONS</u>

15.    On March 6, 2022 at 10:30 pm the Plaintiff was a passenger in a motor vehicle and a business invitee lawfully on the premises located at 700 Robbins Avenue, Building 5 while accompanying a retired Veteran, Elbert Giddings, to the Navy Exchange.

16    As plaintiff exited her vehicle Plaintiff took only a couple steps before she was caused to trip on a defective condition existing of the asphalt parking surface adjacent and abutting the water access cover which was elevated or otherwise nor level with the asphalt surface causing a dangerous condition which was obstructed and a rectangle barrier which was angled and not attached to the asphalt so as to cause an obstruction from sight

**FIRST CAUSE OF ACTION**
**NANA EL VS UNITED TATES OF AMERICA DEPARTMENT OF THE NAVY**
**<u>(Negligence)</u>**

17.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as through more fully set forth herein.

18.   Defendant, the United States of America, owned, maintained or controlled the Naval Supply Systems Command ( NAVSUP) located at 700 Robbins Avenue in Philadelphia including building 5 and the attendant parking lot area adjacent to the Subject Building.

19.   Defendant, the United States of America, by and through its agents, officers and/or employees, acting within the scope of their employment, owed a duty of ordinary care to Plaintiff to provide a reasonably safe premises for customers to shop and support the Navy Exchange and to  ensure that the area adjacent to the subject building, was free from defects and/or dangerous conditions.

20.   Defendant, the United States of America, by and through its agents, officers and/or employees, acting within the scope of their employment, owed a duty of ordinary care to warn the Plaintiff of any unsafe condition which the Defendant knew, or should have known, existed on the property.

21.   Defendant's negligent acts and/or omissions, by and through its agents, officers and/or employees, acting within the scope of their employment include one or more of the following negligent acts:

a. Failure to design, construct, install and/or maintain the  surface on which invitees, licensees, and/or others legally on the premises are required to travel rendering it unsafe toward invitees, licensees or others legally on the premises so as to otherwise prevent plaintiff's injuries;

b. Failure to, inspect and/or provide sufficient warning as to the reasonable foreseeable defects and dangerous nature of the premises to such invitees, licensees, and/or others legally on the premises;

c. Failure to properly test and/or inspect the premises to determine whether the said premises is dangerous to invitees, licensees, and/or others legally on

the premises;

        d. Failure to reasonably inspect/maintain and/or to otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers and the foreseeable accidents and injuries that could occur as a result of the conditions on the premises;

        e. Failure to hire and retain and/or otherwise supervise competent contractors with respect to the maintenance of the parking area fur use by customers of Navy Exchange;

        f. Failure to supervise managers or employees or Navy Exchange who may have been contractually liable for the maintenance of the parking area for use by customers of Navy Exchange;

    22.    As a direct and proximate cause of Defendant's negligent acts and/or omissions, by and through its agents, officers and/or employees, acting within the scope of their employment, Plaintiff has seriously and permanently injured and foot and ankle including the structural integrity of her tendons and ligaments; has been caused to incur medical bills, pain, suffering, loss of enjoyment of life both in the past and in the future; and she will continue into the future to have significant disabilities and with attendant medical bills, rehabilitation bills, nursing bills, cost of care bills; will otherwise lose the enjoyment of life; and will be afflicted with pain and suffering now and forever into the future.

    23.    As a result of the foregoing, Plaintiff hereby seeks Judgment in this matter as against the Defendant in such a fair and reasonable amount as may be awarded by the Court, and such other and further relief as to the Court may seem just and proper.

**WHEREFORE**, Plaintiff hereby demands Judgment in this matter as against the Defendant in such a fair reasonable amount as may be awarded by the Court, together with such other and further relief as the Court may deem just and proper, attorneys fees, costs and disbursements of this action, all in a fair and reasonable amount not to exceed the aggregate sum of One Hundred Fifty Thousand Dollars ($150,000.00), as set forth in Plaintiff's Administrative Claim.

## SECOND CAUSE OF ACTION
## NANA EL VS NAVAL SUPPLY COMMAND CENTER
### (Negligence)

24.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as through more fully set forth herein.

25.    Defendant, Naval Supply Systems Command ( NAVSUP) was the owner, lessor, lesee or was otherwise responsible for the care, custody, control management and/or maintenance of the Naval Facility located at 700 Robbins Avenue in Philadelphia including building 5 and the attendant parking lot area adjacent to the Naval Exchange store

26    Defendant, NAVSUP by and through its agents, officers and/or employees, acting within the scope of their employment, owed a duty of ordinary care to Plaintiff to provide a reasonably safe premises for customers to shop and support the Navy Exchange and to  ensure that the area adjacent to the subject building, was free from defects and/or dangerous conditions.

27.  Defendant, NAVSUP  by and through its agents, officers and/or employees, acting within the scope of their employment, owed a duty of ordinary care to warn the Plaintiff of any unsafe condition which the Defendant knew, or should have known, existed on the property.

28.    Defendant's negligent acts and/or omissions, by and through its agents, officers and/or employees, acting within the scope of their employment include one or more of the following negligent acts:

a. Failure to design, construct, install and/or maintain the surface on which invitees, licensees, and/or others legally on the premises are required to travel rendering it unsafe toward invitees, licensees or others legally on the premises so as to otherwise prevent plaintiff's injuries;

b. Failure to inspect and/or provide sufficient warning as to the reasonable foreseeable defects and dangerous nature of the premises to such invitees, licensees, and/or others legally on the premises;

c. Failure to properly test and/or inspect the premises to determine whether the said premises is dangerous to invitees, licensees, and/or others legally on the premises;

d. Failure to reasonably inspect/maintain and/or to otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers and the foreseeable accidents and injuries that could occur as a result of the conditions on the premises;

e. Failure to hire and retain and/or otherwise supervise competent contractors with respect to the maintenance of the parking area fur use by customers of Navy Exchange;

f. Failure to supervise managers or employees or Navy Exchange who may have been contractually liable for the maintenance of the parking area for use by customers of Navy Exchange;

22.    As a direct and proximate cause of Defendant's negligent acts and/or omissions, by and through its agents, officers and/or employees, acting within the

scope of their employment, Plaintiff has seriously and permanently injured and foot and ankle including the structural integrity of her tendons and ligaments; has been caused to incur medical bills, pain, suffering, loss of enjoyment of life both in the past and in the future; and she will continue into the future to have significant disabilities and with attendant medical bills, rehabilitation bills, nursing bills, cost of care bills; will otherwise lose the enjoyment of life; and will be afflicted with pain and suffering now and forever into the future.

29.   As a result of the foregoing, Plaintiff hereby seeks Judgment in this matter as against the Defendant in such a fair and reasonable amount as may be awarded by the Court, and such other and further relief as to the Court may seem just and proper.

**WHEREFORE**, Plaintiff hereby demands Judgment in this matter as against the Defendant in such a fair reasonable amount as may be awarded by the Court, together with such other and further relief as the Court may deem just and proper, attorneys fees, costs and disbursements of this action, all in a fair and reasonable amount not to exceed the aggregate sum of One Hundred Fifty Thousand Dollars ($150,000.00), as set forth in Plaintiff's Administrative Claim.

### THIRD  CAUSE OF ACTION
### NANA EL VS NAVAL EXCHANGE COMMAND

30.   Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as through more fully set forth herein.

31.   Defendant, Naval Exchange Command "NEXCOM" operates, manages and at all times material was the owner, lessor, lessee and was responsible for the care, custody, supervision control and maintenance of the Naval Exchange store located at 700 Robbins Avenue including the parking lot area adjacent to Building 5.

32.    Defendant, NEXCOM acting by and through its agents, officers and/or employees, acting within the scope of their employment, owed a duty of ordinary care to Plaintiff to provide a reasonably safe premises for customers to shop and support the Navy Exchange and to ensure that the area adjacent to the subject building, was free from defects and/or dangerous conditions.

33.  Defendant, NEXCOM by and through its agents, officers and/or employees, acting within the scope of their employment, owed a duty of ordinary care to warn the Plaintiff of any unsafe condition which the Defendant knew, or should have known, existed on the property.

34.    Defendant's negligent acts and/or omissions, by and through its agents, officers and/or employees, acting within the scope of their employment include one or more of the following negligent acts:

a. Failure to design, construct, install and/or maintain the surface on which invitees, licensees, and/or others legally on the premises are required to travel rendering it unsafe toward invitees, licensees or others legally on the premises so as to otherwise prevent plaintiff's injuries;

b. Failure to inspect and/or provide sufficient warning as to the reasonable foreseeable defects and dangerous nature of the premises to such invitees, licensees, and/or others legally on the premises;

c. Failure to properly test and/or inspect the premises to determine whether the said premises is dangerous to invitees, licensees, and/or others legally on the premises;

d. Failure to reasonably inspect/maintain and/or to otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers and the foreseeable accidents and injuries that could occur as a result of the conditions on the premises;

e. Failure to hire and retain and/or otherwise supervise competent contractors with respect to the maintenance of the parking area fur use by customers of Navy Exchange;

f. Failure to supervise managers or employees or Navy Exchange who may have been contractually liable for the maintenance of the parking area for use by customers of Navy Exchange;

35.   As a direct and proximate cause of Defendant's negligent acts and/or omissions, by and through its agents, officers and/or employees, acting within the scope of their employment, Plaintiff has seriously and permanently injured and foot and ankle including the structural integrity of her tendons and ligaments; has been caused to incur medical bills, pain, suffering, loss of enjoyment of life both in the past and in the future; and she will continue into the future to have significant disabilities and with attendant medical bills, rehabilitation bills, nursing bills, cost of care bills; will otherwise lose the enjoyment of life; and will be afflicted with pain and suffering now and forever into the future.

36.   As a result of the foregoing, Plaintiff hereby seeks Judgment in this matter as against the Defendant in such a fair and reasonable amount as may be awarded by the Court, and such other and further relief as to the Court may seem just and proper.

**WHEREFORE**, Plaintiff hereby demands Judgment in this matter as against the Defendant in such a fair reasonable amount as may be awarded by the Court, together with such other and further relief as the Court may deem just and proper, attorneys fees, costs and disbursements of this action, all in a fair and reasonable

amount not to exceed the aggregate sum of One Hundred Fifty Thousand Dollars

($150,000.00), as set forth in Plaintiff's Administrative Claim.

PHILADELPHIA LAWYERS GROUP, LLC

By: */s/ Alan R. Zibelman, Esquire*
ALAN R. ZIBELMAN, ESQUIRE
Philadelphia Lawyers Group, LLC
Two Penn Center, Suite 1030
Philadelphia, PA 19102
Tel 215-569-0600; fax 215-569-1197
Alan@PhiladelphiaLawyersGroup.com
Attorney for Plaintiffs

DATED:

# EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| OFFICE OF THE JUDGE ADVOCATE GENERAL TORT CLAIMS UNIT NORFOLK 9620 MARYLAND AVENUE, SUITE 205 NORFOLK, VA 23511-2949 | NaNa El 1531 Widener Place Philadelphia, Pa 19141 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN  N/A | 10 3 58 | Yes | 3/26/22 | 10:30 Pm |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

My client Nana EL was exiting a motor vehicle outside the Navy Exchange which is located at 700 Robins Avenue, Building 5, took a few steps and fell on a defective water cover. Ms. EL has been wearing a boot and may have to undergo surgery to her foot/ankle. I have attached photos for your review.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Defective Water Cover

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

foot and ankle

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) | |
| Elbert Giddings. | | | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (In dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $150,000 | | 150,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Nana El | | 2/28/23 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  *(It is necessary that you ascertain these facts)*

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☒ No

SF 95 (Rev. 7-85) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of the Navy<br>Tort Claims Unit Norfolk, 9620 Maryland Avenue, Suite 205<br>Norfolk, VA 23511-2949 | Nana El<br>1531 Widener Place<br>Philadelphia, PA 19141 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 10/3/58 | ॥S | 3/26/22 | 10 30 P.M |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

My client, Nana El was exiting a motor vehicle outside of the Navy Exchange which is located at 700 Robbins Avenue, Building 5, took a few steps and fell on a defective water cover. Ms. El has been wearing a boot and may have to undergo surgery to her foot/ankle. I have attached photos for your review.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Defective water cover

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Foot and ankle

*[stamp: Received OCT 2022 Navy ...]*

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Elbert Giddings | | | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | | | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* Atty for Nana El | (215) 549-0000 | 10/6/22 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# EXHIBIT "B"



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9620 MARYLAND AVENUE SUITE 205
NORFOLK, VA 23511-2949

5890
Ser J230072
October 14, 2022

ALAN R ZIBELMAN ESQ
ZIBELMAN LEGAL ASSOCIATES PC
TWO PENN CENTER STE 1030
1500 JF KENNEDY BLVD
PHILADELPHIA PA 19102

Dear Mr. Zibelman:

SUBJECT:     YOUR CORRESPONDENCE OF OCTOBER 6, 2022, IN REFERENCE TO
             NANA EL; OUR FILE NO. J230072

    This is to confirm receipt of your correspondence, received in this office on October 14,
2022.  I have enclosed a date-stamped copy as verification of receipt.

    Please note 28 C.F.R. § 14.2(a) governs the requirements for the successful filing of a
claim under the Federal Tort Claims Act (FTCA); and 32 C.F.R. Part 750 provides the
Department of the Navy's regulations concerning requirements for the successful filing of claims
under both the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, and the Military Claims Act
(MCA), 10 U.S.C. § 2733.

    Your correspondence is currently being reviewed to determine if it is sufficient to
constitute a properly presented claim under the regulations provided above.  If necessary, you
will soon be notified by the legal professional assigned to your claim if any additional
information is needed to complete your claim.

    In the meantime, if you have any questions, please contact this office at the letterhead
address or by phone at (757) 341-4583.

                                    Sincerely,

                                    SIMONE E STEBER
                                    Tort Claims Assistant

Enclosure

# EXHIBIT "C"



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9324 VIRGINIA AVENUE SUITE 104
NORFOLK VA 23511-2949

IN REPLY REFER TO

5890
Ser J230072
February 22, 2024

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

MR ALAN R ZIBELMAN ESQ
MANAGING MEMBER
PHILADELPHIA LAWYERS GROUP LLC
TWO PENN CENTER SUITE 1030
PHILADELPHIA PA 19102

Dear Mr. Zibelman:

SUBJECT: CLAIM OF NANA M. EL; OUR FILE NO. J230072

    This responds to an administrative claim you filed with the U.S. Department of the Navy on behalf of your client Ms. Nana M. El in the total amount of $150,000.00 for personal injuries that she allegedly sustained when she "took a few steps and fell on a defective water cover" as she "was exiting a motor vehicle outside the Navy Exchange which is located at 700 Robins Avenue, Building 5 on <u>March 26, 2022</u>" (*see* your SF-95). In your letter dated October 6, 2022, however, you stated that she sustained personal injuries as a result of a slip and fall incident which occurred on <u>March 6, 2022</u> when she was caused to fall due to an open Philadelphia Water Department shutoff pipe.

    In your June 1, 2023 letter, in response to a substantiation request, dated October 27, 2022 (which was subsequently re-sent to you by the May 9, 2023 letter), for sufficient information necessary to adjudicate this claim, you stated as follows (<u>note that your responses provided therein are equivalent to discovery responses in litigation</u>):

    "In response to your correspondence dated May 9, 2023, I am attaching with this email a fully completed Standard Claim for 95 signed by Nana El and an exevuted (sic) Attieny (sic) authorizationdesigntaing (sic) me as her counsel. I ma (sic) aware and affrom (sic) that my fee

5890
Ser J230072
February 22, 2024

agrememnt (sic) shall not exceed 25%[1] of any recovery. Please see below responses to the various information requested." [2]

QUESTION:  The distance between the parked vehicle and the location where she slipped and fell -
ANSWER:  2-3 feet (*see* p. 1.).

QUESTION:  Explain the nature of a "defective" water cover, and what makes it "defective"-
ANSWER:  Raised elevation (*see* 5).

QUESTION:  Explain the reason Ms. El stepped on "an open Philadelphia Water Department shutoff pipe" -
ANSER:  Walking/partially blocked from a parked car (*see* 6).

QUESTION:  Explain the reason Ms. El did not see that the shutoff pipe was "open" -
ANSWER:  Obstructed by a parked car (*see* 7).

QUESTION:  Describe Ms. El's immediate actions after her slip and fall -
ANSWER:  Ms. El notified the manager in the Exchange and was taken to Albert Einstein Medical Center (*see* 10).

QUESTION:  State where Ms. El traveled to after her slip and fall incident and in what capacity (as a passenger or a driver), and provide the distance traveled -
ANSWRER:  Ms. El was a passenger in a vehicle being driven by Elbert Giddings who drove her to Albert Einstein ER which was approximately 20 minutes from the incident location (*see* 11).

QUESTION:  State the date of Ms. El's first visit to a medical facility after the slip and fall incident -
ANSWER:  3/26/22 – ER (*see* 12).

QUESTION: Describe an "open Philadelphia Water Department shutoff pipe" in detail, indicating, but not limited to, its size -
ANSWER:  See photos of defect (*see* 15).

---

[1] Note that under the FTCA, attorneys' fees are controlled by statute.  The FTCA at 28 U.S.C. §2678 limits attorneys' fees to twenty percent (20%) at the administrative level and twenty-five percent (25%) after suit is filed.  This provision is aggressively enforced by the U.S. Department of Justice.  Any attempt to collect attorney's fees in excess of what is permitted under the FTCA could result in a criminal referral.

[2] Note that for purposes of this letter, only some of your responses from your June 1, 2023 letter are provided below.

5890
Ser J230072
February 22, 2024

QUESTION:  Describe a defective water cover in detail, including, but not limited to, its size -
ANSWER:  See photos of defect (*see* 16).

QUESTION:  State the distance between the car that Ms. El exited and the location where she tripped and fell -
ANSWER:  1-2 feet (*see* 18).[3]

 In her written statement signed and dated February 2, 2023, Ms. El stated as follows: "I fell immediately after stepping out of the vehicle.  I stepped on the ground and fell."  Neither water cover nor an open Philadelphia Water Department shutoff pipe is mentioned as a cause of her fall.  Further, she also clearly stated that she went into the store (NEX) after the trip and fall incident.

 In his written statement signed and dated 2/20/23, Mr. Giddings provided the following answers, including without limitation:

QUESTION:  Was there anything unusual / wrong with the parking lot?  If yes, what? -
ANSWER:  Nothing abnormal with parking lot, there were parking headers and manhole was raised.

QUESTION:  What caused Nana El's injuries? -
ANSWER:  She tripped over a manhole cover / shutoff valve cover the size of coffee lid.

QUESTION:  Where was she seated in the vehicle? -
ANSWER:  Nana was on right side passenger seat.

QUESTION:  Was the parking lot full? Light, moderate or heavy occupancy? -
ANSWER:  There was a truck next to me and maybe 6 or 7 cars.

QUESTION:  What was the distance between your parked vehicle and the location where she slipped and fell? -
ANSWER:  3-4 feet, walked around a parked truck, got out of vehicle and fell.

QUESTION: How much time passed between her exiting the vehicle and her fall? -
ANSWER:  3-4 seconds.

QUESTION: Describe the surface of the parking lot location of her fall -
ANSWER:  That place is still the same … has blue markings on trip hazard and an arrow.

QUESTION:  What happened after you exited the vehicle? -

---

[3] You also stated it was 2-3 feet (*see* p. 1 above).

3

5890
Ser J230072
February 22, 2024

ANSWER:  I got out of the vehicle first, I ran over after she fell.  Two patrons helped her up, and left.  After Nana stood up, we walked to the store (i.e. NEX).

QUESTION:  Where did you take Ms. El after leaving NSA Philadelphia? -
ANSWER:  Took her home.  I took her to Einstein hospital maybe 3 days after fall.

QUESTION:  Did she tell you of her injuries at the scene or at any time later?  If so, what did she say they were? -
ANSWER:  She said she was ok in the beginning, 2-3 days later her leg got swollen and I was told of her injuries, I took her to the hospital.

QUESTION:  If the water cover was 'defective,' in what way? -
ANSWER:  It was raised.

QUSETION:  You stated that a water cover that Ms. El tripped over is a trip hazard.  Explain why –
ANSWER:  It was raised.

**QUESTION:  If the water cover that Ms. El tripped over was raised from the surface of the parking lot, by how much in inches?**
**ANSWER:  I did not measure.**

**QUESTION:  Did Ms. El trip and fall due to an 'open Philadelphia Water Department shutoff pipe'?  If yes, what exactly makes it "open"?**
**ANSWER by Mr. Giddings:  No.**

Note that a body of law has arisen in Pennsylvania which holds that trivial defects in pavement will not support an action in negligence.  Pursuant to the trivial defect doctrine well-established by the case law in Pennsylvania, if the defect is so trifling, it does not impose liability, with or without notice, upon the property owner whose duty is to maintain the pavement in a condition of reasonable safety, but not to insure pedestrians traversing it against any and all accidents.  Although property owners have a duty to maintain their sidewalks in a safe condition, property owners are not responsible for trivial defects.

In Taylor v. Forest City Commer. Mgmt, 2014 Pa. Super. Unpub. LEXIS 956, where Plaintiff averred that she had tripped during daylight hours over the "lip" of a basement door which was elevated less than 2 inches above the sidewalk, the Court noted "[O]ur courts have held that an elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist.  See Davis v. Potter, 340 Pa. 485, 17 A.2d 338 (1941) (a trivial and commonplace defect could not constitute a dangerous condition of the land as a matter of law);  Harrison v. City of Pittsburgh, 353 Pa. 22, 44 A.2d 273, 274 (Pa. 1945) (finding that property owners could not be negligent because 2 inch elevation of manhole cover

5890
Ser J230072
February 22, 2024

in middle of sidewalk was slight and trivial); <u>Lawler v. Berat Corp.</u>, 2006 Phila. Ct. Com. Pl. LEXIS 377 (the photographic evidence showed that depression was no more than one inch deep, and thus, as a matter of law, it constituted trivial defect, which was not actionable).

In <u>Mull v. Ickes</u>, 2010 PA Super 80, 994 A2d 1137, 1140 (2010), a pedestrian was walking on a sidewalk toward an insurance agency's building when she stepped into a gap between concrete slabs that was 2 inches long and one and one-half inches deep. The trial court found that the alleged defect was trivial and granted the agency and the agency owner's motion for summary judgment. On appeal, the Superior Court concluded that the surrounding circumstances of the case, including the gap's location in the direct line of travel to enter the building, the slope of the slab of concrete that contained the defect, and the agency owner's acknowledgment that he noticed the gap prior to the incident, presented genuine issues of material fact that did not warrant summary judgment. In reversing, the Superior Court of Pennsylvania "emphasize[d] that there is no definite or mathematical rule that determines when a defect is trivial; instead, the case must be determined on the individual facts" (<i>Id.</i> at 1140) and emphasized the general rule regarding trivial defects stating that:

"Although property owners have a duty to maintain their sidewalks in a safe condition, property owners are not responsible for trivial defects that exist in the sidewalk. Our courts have held that an elevation, depression, or irregularity in a sidewalk or in a  street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist."

In <u>Cline v. Statler</u>, 1997 Pa. Dist. & Cnty. Dec. LEXIS 120, 34 Pa. D. & C. 4th 289, a 78-year-old widow who was walking with a friend during the day tripped and fell on a concrete sidewalk with a small deviation in levels, and Common Pleas Court of Adams County held that defendants' duties did not extend to making the sidewalk perfectly level or to remedy trivial defects. The Court held that a borough and an individual, as landowners, had no duty to maintain a perfectly level sidewalk or to remedy trivial defects. Because a fall on a sidewalk occurred during the daylight and a pedestrian showed only trivial defects, a <i>prima facie</i> case of negligence was not established. The Court granted summary judgment against Plaintiff stating that cases dealing with similar factual situations held that slight variations in grades did not constitute negligence, as a matter of law, and landowners were not subject to liability for conditions that were obvious.

In <u>Amatore v. Hampton Hotel</u>, 2009 Pa. Dist & Cnty. Dec. LEXIS 530, Plaintiff was walking during daylight hours in front of the Maintenance Barbershop and Spa for Men when her sandal became caught in the uneven grate located on the sidewalk and she tripped over the "lip" of a basement door which was elevated less than 2 inches above the sidewalk causing her to fall. The corner of the cellar doors in the sidewalk appeared to be raised, as Plaintiff stated, "like an inch, inch and a half, two inches," but Plaintiff did not measure it, so she did not know exactly.

5890
Ser J230072
February 22, 2024

Even though "[N]o definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression" in order to determine whether the defect is trivial as a matter of law (*see* Breskin v. 535 Fifth Ave., 381 Pa. 461, 113 A.2d 316, 318 (1955); Emmey v. Stanley Co. of America, 139 Pa.Super. 69, 10 A.2d 795, 797 (1940)), the Amatore court held that numerous courts have held that such a defect of less than 2 inches in elevation is too trivial to be actionable: Bosack v. Pittsburgh Railways Company, 410 Pa. 558, 189 A.2d 877 (Pa. 1963) (no negligence for one-half to two inch depression in cobblestones where plaintiff tripped on depression or irregularity outside normal pedestrian crossing); McGlinn v. City of Philadelphia, 186 A. 747 (Pa. 1936) (no negligence for difference of 1 ½ inches in level of abutting curbstones); Newell v. City of Pittsburgh, 123 A. 768 (Pa. 1924) (no negligence for difference of one and one-half inches between flagstones); Cline v. Statler, 34 Pa. D & C. 4th 289 (Adams County 1997) (no negligence for deviations in sidewalk elevations); Harrison v. Pittsburgh, 44 A.2d 273 (Pa.1945) (two inch elevation of manhole held trivial).

The Amatore court further noted that the instant case is distinguishable from Borlandoe v. United States, 86 F. Supp. 2d 493 (E.D.Pa. 2000), wherein the court held that defendants breached their duty of care to plaintiff invitee tripped over a brick raised ¼ inch in a brick sidewalk. However, that decision was reached not upon common law grounds but based upon defendants' own policy requiring the report and repair of any bricks raised by ¼ inch. The Amatore court held that the alleged defect less than 2 inches in elevation over which Plaintiff avers she had tripped was trivial in nature, and Defendants were not negligent as a matter of law in permitting it to exist.

Common Pleas Court of Northampton County in Amatore granted Defendant's motion for summary judgment citing the well-established Pennsylvania law of the trivial defect doctrine. "The law does not require that sidewalks shall be free of defects, imperfections, irregularities, unevenness, etc., as the floors of buildings. A reasonably safe condition is all that is necessary." *See* German v. City of McKeesport, et al., 8 A.2d 437, 440 (Pa. Super. 1939). "[Defendants'] duty was to maintain the pavement in a condition of reasonable safety, not to insure pedestrians traversing it against any and all accidents. An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist." *See* Van Ormer v. City of Pittsburgh, 31 A.2d 503, 504 (Pa. 1943).

In Zimmerman v. One Adams Place, L.P., 2020 Pa. Super. Unpub. LEXIS 865, Superior Court of Pennsylvania held that, although there is no definite mathematical rule that can be laid down as to the depth or size of a sidewalk depression to determine whether the defect is trivial as a matter of law, the raised portion of the asphalt where Plaintiff fell in the parking lot with the elevation difference measured 1 ¼ inch constitutes the defect between a trivial and non-trivial. Conversely, a depression or irregularity of cobblestones with about 1 ½ or 2 inch depressions in cobblestones, as a matter of law, does not constitute negligence. *See* Bosack v. Pittsburgh Railways Co., 410 Pa. 558,189 A.2d 877, 879-81 (Pa, 1963). A two inch elevation of a manhole cover in a sidewalk was slight and of trivial nature. *See* Harrison v. City of Pittsburgh, 353 Pa. 22, 44 A.2d 273, 274 (1945). The difference in the level of the ends of two abutting curbstones

5890
Ser J230072
February 22, 2024

of a ½ inch constitutes reasonable safety and appellant failed to prove any act of actionable negligence. *See* McGlinn v. City of Philadelphia, 322 Pa. 478, 186 A. 747 (Pa. 1936). The variation of 1 ½ inches difference of one and one-half inches between adjoining ends of flagstones in a street crossing is not evidence of negligence imposing liability for injuries to a pedestrian who fell at that location because a city is not required to maintain flagstones in street crossings in a perfectly level and even condition. *See* Newell v. City of Pittsburgh, 279 Pa. 202, 123 A. 768 (1924).

In the instant case, the color photographic evidence you submitted is of particular importance. It shows a round water valve cover visibly painted blue with an arrow. The investigation shows that color coding of a water valve cover is routinely used for identifying the utility type and is not used to warn of any defects. In fact, the investigation shows that the water cover did not have any defects other than a trifling defect of having its lip barely sticking up, as described below. Blue designates it as domestic / potable water. Also, it is located right next to a vehicle parking wheel stop / concrete barrier (referred to as 'parking headers' by Mr. Giddings) which is visibly painted yellow and is about 4 inches high, so it towers way above the water valve cover, clearly showing the significant difference in elevation between them. As the submitted photographs show, to step on the water valve cover, one would have to step over or walk around the vehicle parking wheel stop/concrete barrier first (i.e. when exiting the parked vehicle) to the other side of the vehicle parking wheel stop/concrete barrier.

Further, there is no Philadelphia Water Department shutoff pipe, much less "open" (as shown by the photographs submitted) in the location of the subject trip and fall incident, or anywhere in that vicinity, as shown by the investigation. To the left (South) of the water cover there is a concrete curb painted yellow. Mr. Giddings parked in the left part of the parking lot. There is no water cover to step on there. The only water cover is on the right side of a yellow concrete curb in the parking lot. It is unknown what you mean by an "open Philadelphia Water Department shutoff pipe." The photographs submitted show a round water cover. The term "open" usually refers to valves, but in no way would the status of a valve cause any trip hazard to a trip and fall incident. Hypothetically, there might be an exposed pipe elsewhere, but there are no exposed pipes anywhere in the subject incident area as it is clearly shown by the photographs submitted and/or by the investigation (including the subject parking lot in general).

Water valve covers should be ideally leveled with the surface of the ground/road/parking lot. There are two applicable standards that govern water covers' allowable deviation: (i) American with Disabilities Act (ADA) and (ii) Philadelphia Water Department, Water/Sewer Design Manual. According to the ADA standard (more applicable to sidewalks), changes in level of 1/4 inch (6.4 mm) high maximum shall be permitted to be vertical. According to the Philadelphia Water Department, Water/Sewer Design Manul standard (more applicable to streets), all structures within the right-of-way shall be maintained within 3/8 inch of the existing surrounding grade. Clearly, the allowable deviation is greater for streets (3/8=0.375) than sidewalks (1/4=0.25).

7

5890
Ser J230072
February 22, 2024

Here, the investigation involves, without limitation, the measuring results, and it shows that the water valve cover that Ms. El allegedly averred to have tripped over was almost even with the surface of the parking lot. It was not seated properly in that it barely had a lip sticking up. This is fairly common because the base of the valve has debris / dirt that builds up on top under the weather elements preventing it from seating flush. Specifically, the investigation shows that the top of the cover was about 1/8 inch (0.125) above the surface of the parking lot, which is less than either 3/8 or even 1/4 standards. To summarize, the investigation shows that the water valve cover was not in any way defective other than having a lip sticking up by 1/8 inch that constitutes a *de minimus*, slight and trivial defect.

**The photographs submitted clearly show a rather significant difference in height / elevation between a yellow-painted parking wheel stop/concrete barrier which is about 4 inches high and the subject water cover which is almost leveled with the surface of the parking lot. It is undisputed that neither Mr. Giddings (per his own admission) nor Ms. El measured by how much in inches the water cover that Ms. El allegedly tripped over was raised from the surface of the parking lot. Note that Ms. El did not even mention a water cover as a cause of her fall in her written statement.**

Your client's claim was analyzed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. For the reasons as set forth above and based on the investigative results, the United States is not liable under the FTCA for the damages claimed.

The United States may be liable under the FTCA when the negligence or wrongful act of a Federal employee acting within the course and in scope of one's Federal employment proximately causes damages. Our investigation shows that the damages alleged did not result from any negligent act or omission on the part of an employee of the United States. **Accordingly, your client's claim is denied.**

If your client does not agree with this decision, be advised you have 6 (six) months from the date of mailing of this letter to file suit in the appropriate Federal District Court.

Prior to the commencement of suit and prior to the expiration of the six-month period for filing suit, a claimant may present, in writing, a request for reconsideration to the authority that denied the claim (*see* 32 C.F.R. 750.31). Any request for reconsideration in this matter should set forth the claimant's reasons for the request and include any new supplemental supporting evidence (but not duplicative of the previously submitted), information, or argument the claimant wishes to have considered.

The presentment of a proper request for reconsideration will be acknowledged in writing by this office and will start a new 6-month period for the Department of the Navy to act on the request. Any request for reconsideration that reasonably appears to be presented solely for the purpose of extending the statutory period for filing suit and without furnishing new (not duplicative of the previously submitted) supplemental supporting evidence will not be

5890
Ser J230072
February 22, 2024

considered a proper request for reconsideration and will not serve to extend the original six-month deadline for filing suit.

If you have any questions, please contact me by phone at (757) 239-5126 or e-mail at maria.b.grise.civ@us.navy.mil.

Sincerely,

*Maria B. Grise*

MARIA B. GRISE
Tort Claims Attorney

9